**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANGELA BROOKOVER,**

**Plaintiff,**

**v.**

**ONTRAC, INC.**

**Defendant.**

**Case Number 2:26-cv-1540**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

**OPINION AND ORDER**

This matter is before the Court on the Parties' Joint Motion to Stay Proceedings Pending Arbitration (ECF No. 9); Plaintiff Angela Brookover's Motion for Default Judgment (ECF No. 4); Defendant OnTrac, Inc.'s Motion to Compel Arbitration (ECF No. 6); and Defendant OnTrac, Inc's Motion for Leave to File Answer or Otherwise Respond to Plaintiff's Complaint (ECF No. 7). For the reasons set forth below, the Court **GRANTS** the Parties' Joint Motion to Stay Proceedings Pending Arbitration (ECF No. 9); **DENIES AS MOOT without prejudice** Plaintiff's Motion for Default Judgment (ECF No.4); **DENIES AS MOOT** Defendant's Motion to Compel Arbitration (ECF No. 6); and **DENIES AS MOOT without prejudice** Defendant's Motion for Leave to File Answer or Otherwise Respond to Plaintiff's Complaint (ECF No. 7).

**BACKGROUND**

On February 12, 2026, Plaintiff Angela Brookover initiated a lawsuit against Defendant LaserShip Inc., dba OnTrac Final Mile,[1] her former employer, in the Franklin County Court of Common Pleas. (ECF No. 1, ¶ 1; ECF No. 1-1, PageID 5–11.) Plaintiff asserts claims against Defendant for gender discrimination and retaliation under Ohio Revised Code § 4112. (ECF No.

[1] Defendant notes that it was improperly named in the Complaint as "OnTrac, Inc." (ECF No. 9, PageID 77.)

1-1, PageID 5–11.) On October 23, 2026, Defendant removed the state court action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1446. (ECF No. 1.)

Defendant filed a Motion to Compel Arbitration. (ECF No. 6.) Therein, Defendant explained that the Parties signed an Arbitration Agreement in which Plaintiff agreed to arbitrate all claims arising out of her employment with Defendant. (*Id.* Page ID 63.) Subsequently, the Parties filed a Joint Motion to Stay the Proceedings Pending Arbitration, indicating that they have agreed to submit Plaintiff's claims to arbitration. (ECF No. 9.)

## ANALYSIS

Under the Federal Arbitration Act ("FAA"), agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA expresses "a liberal federal policy favoring arbitration agreements." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 505–06 (2018) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). The FAA's "principal purpose" is to "ensur[e] that private arbitration agreements are enforced according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting *Volt Info. Scis. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)). The FAA states that a court "shall" stay an action if the court is "satisfied that the issue involved" is "referable to arbitration" under a written agreement. 9 U.S.C. § 3. If the action involves an arbitrable dispute and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding. *Smith v. Spizzirri*, 601 U.S. 472, 478–79 (2024).

Here, Plaintiff and Defendant entered an Arbitration Agreement on July 9, 2022, shortly before Plaintiff began her employment with Defendant. (ECF No. 6-2, Page ID 70.) The Arbitration Agreement provides, in pertinent part:

> [Y]ou are required to arbitrate any and all disputes, claims, or controversies ("claim") against the Company that could be brought in a court including, but not limited to, all claims arising out of your employment and the cessation of employment, including any claim that could have been presented to or could have been brought before any court. This Agreement to arbitrate includes, but is not limited to, claims under . . . any state or local antidiscrimination and wage and hour laws.

(*Id.* PageID 72.) Plaintiff's claims pertain to her employment with Defendant and subsequent termination, and she alleges discrimination and retaliation in violation of state law. (ECF No. 1-1, PageID 5-11.) The Court agrees with the Parties that the Arbitration Agreement is valid and applies to Plaintiff's claims in this lawsuit. Because this action involves an arbitrable dispute, the FAA compels this Court to stay the proceeding pending arbitration. *See* 9 U.S.C. § 3.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** (ECF No. 9) the Parties' Joint Motion to Stay Proceedings Pending Arbitration. The Court **DENIES AS MOOT without prejudice** (ECF No. 4) Plaintiff Angela Brookover's Motion for Default Judgment; **DENIES AS MOOT** (ECF No. 6) Defendant OnTrac, Inc.'s Motion to Compel Arbitration; and **DENIES AS MOOT without prejudice** (ECF No. 7) Defendant OnTrac, Inc's Motion for Leave to File Answer or Otherwise Respond to Plaintiff's Complaint. The Parties **SHALL** arbitrate this dispute. The Court **STAYS** this action pending the conclusion of arbitration. The Court **DIRECTS** the Parties to file a joint status report on the Court's docket within 14 days of the conclusion of arbitration.

**IT IS SO ORDERED.**

**11/19/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**